IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

ROBERT KAUFMAN,

      Plaintiff,                                Civil Action No.

v.

JASPER LUMBER
COMPANY, INC.,

      Defendant.                               JURY TRIAL DEMANDED

## COMPLAINT

**I.  JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by FLSA.

**II.  PARTIES**

2. Plaintiff, Robert Kaufman, (hereinafter Plaintiff), is a resident of Bremen, Walker County, Alabama. Plaintiff performed work for the Defendant in the counties

1

composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Jasper Division.

3. Defendant Jasper Lumber Company, Inc., (hereinafter Defendant) is registered with the State of Alabama and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Northern District, Jasper Division. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §203(r).

## III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5. Plaintiff began work with Defendant in May 2003.

6. Plaintiff's last position with Defendant was scale operator.

7. Defendant terminated Plaintiff's employment on February 18, 2014.

8. Plaintiff's last hourly rate of pay was $13.90 per hour.

9. Plaintiff regularly worked over forty hours in a work week.

## IV. COUNT ONE – FLSA – Overtime Violations

10. Plaintiff adopts by reference each and every material averment contained

2

in paragraphs 1 through 9 above as if fully set forth herein.

11. Plaintiff was paid for some, but not all, of his overtime hours each work week.

12. Plaintiff's work schedule was five days per week, but for approximately three or four months out of the year he worked on Saturdays.

13. Plaintiff's work schedule was 6:00 a.m. to 4:30 p.m. five days per week.

14. Plaintiff's shift started at 6:00 a.m., but Plaintiff typically arrived at work and commenced work for the benefit of Defendant 10-15 minutes before the beginning of his shift.

15. Defendant's management instructed Plaintiff to fill out daily time records.

16. Plaintiff put down exactly 6:00 a.m. each work day, as that was his understanding of what he was to do.

17. Plaintiff was regularly seen by his supervisor, Charlie Jackson, and his predecessor, Clark Wilcox, performing work for the benefit of Defendant before the beginning of the work day. Neither Jackson nor Wilcox told Plaintiff to put down on his time records the exact start time he commenced work for Defendant each work day.

18. Defendant automatically deducted thirty minutes for an unpaid meal break from each work day Plaintiff worked.

19. Defendant failed to provide Plaintiff with a thirty minute uninterrupted

3

break in time from his work duties in order to enjoy his unpaid meal break.

20. Plaintiff questioned Doug Jackson regarding why he was having a deduction made from time worked for an unpaid meal break that he never got.

21. Jackson told Plaintiff that he had enough "down time" during the day that he was not entitled to a set meal break where he would be uninterrupted by his work duties.

22. Defendant willfully and intentionally failed to provide Plaintiff an unpaid meal break in accord with 29 C.F.R. § 785.19, instead requiring Plaintiff to perform job duties throughout his work day while still deducting thirty minutes for an unpaid meal break that Plaintiff did not receive.

23. Plaintiff could not shut down the scales where the log trucks were weighed until the last truck left.

24. After the last truck left, Defendant required Plaintiff to conduct approximately 10-15 minutes of paperwork.

25. Such paperwork was performed after 4:30 p.m. each work day, usually taking until approximately 4:45 p.m.

26. Plaintiff wrote down on his time sheet 4:30 p.m. exactly each work day even though management of Defendant was aware that Plaintiff was working for the benefit of Defendant post-shift, as well as pre-shift.

27.	Defendant willfully and intentionally violated 29 C.F.R. § 785.11 and § 785.13 by failing to insure that Plaintiff was paid for all overtime worked at one and one-half times his regular hourly rate of pay.

28.	As a result of Defendant's willful and intentional violations of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

V.	**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.	The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.	This Court award Plaintiff the amount of his unpaid wages, plus an additional equal amount as liquidated damages;

C.	Enter an Order requiring Defendant to make Plaintiff whole by awarding him back overtime pay, liquidated damages, special damages, and nominal damages;

D.	That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest;

E.	Plaintiff requests that the Court award Plaintiff declaratory relief pursuant to 28 U.S.C. § 2201 that the actions of Defendant are violative of the law; and

F.	For such other and further relief as this Court deems equitable, proper and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:

ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office;
205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

SERVE DEFENDANT AT:

Jasper Lumber Company, Inc.
c/o Agent for Service of Process
Albert E. Bracewell
2700 Highway 78 West
Jasper, AL 35501

6