FILED

2014 Oct-30  PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

**ROBERT KAUFMAN,**

      **Plaintiff,**

**vs.**                              **Civil Action No. 6:14-cv-01677-JHE**

**JASPER LUMBER**
**COMPANY, INC.,**

      **Defendant.**

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff, Robert Kaufman ("Kaufman") and defendant, Jasper Lumber Company, Inc., ("JLC"), by and through their undersigned counsel, jointly move the Court to approve their Settlement Agreement and Release (the "Agreement"), a copy of which is attached hereto as Exhibit 1 and made a part hereof, based on the following:

1.     In this action, Kaufman has asserted employment law claims against JLC under the Fair Labor Standards Act ("FLSA") for allegedly unpaid wages and overtime during his former employment with JLC.  (See Plaintiff's Complaint, Doc. 1).  JLC has denied all material allegations of Kaufman's claims, and has asserted multiple legal and factual defenses to the claims.  (See Defendant's Answer, Doc. 8).

{B0697595.3}

2.     Initial disclosures included the production by JLC of Kaufman's daily time and scale house records during the relevant time period.

3.     Following production of Kaufman's records, the parties negotiated and reached a compromise settlement agreement which fully and finally resolves any and all claims and requests for relief asserted by Kaufman in the Complaint. Kaufman is being paid the full amount of his claim for allegedly unpaid wages and overtime and liquidated damages.   Kaufman has now executed the attached Agreement.

4.     The Agreement, if approved, provides for the stipulated dismissal of this action, and all claims asserted therein, with prejudice, each party to bear its own costs.  Additionally, if approved, JLC has agreed to pay Kaufman the amount of unpaid wages and overtime that he claims during the applicable time period and an equal amount to satisfy his claim of liquidated damages.  JLC has also agreed to pay a lump sum amount to counsel for Kaufman for his attorneys' expenses and fees associated with this action.  JLC has entered into the Agreement without an admission of liability.

5.     Because the plaintiff has asserted a claim under the FLSA, this Court's approval of the settlement is required before the parties' Agreement can become fully binding and enforceable.  See Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).

6.     In entering into the Agreement, the parties have each considered a number of relevant factors, including, but not limited to, (a) the factual and legal merits of Kaufman's FLSA claim and the defendant's defenses, (b) the probability of recovery by Kaufman on his claims, (c) the range of possible monetary recovery by Kaufman on his claims, and (d) the time, expense, and other burdens of contested litigation that have been saved by the settlement agreement. After considering the foregoing, the parties acknowledge, agree, and represent that the Agreement is fair and reasonable and has been entered into by each of them voluntarily after consultation with counsel.

WHEREFORE, the foregoing considered, the parties jointly request that the Court enter an Order (a) approving their Agreement, (b) directing the parties to abide by and fulfill the terms and conditions of the Agreement, and, (c) pursuant to FED. R. CIV. P. 41, dismissing this action, with prejudice, each party to bear its own costs. A proposed Order is attached hereto as Exhibit 2.

Respectfully submitted, this the **30th** day of **October, 2014**.

/s/ David R. Arendall
**DAVID R. ARENDALL**
One of the Attorneys for Plaintiff
Robert Kaufman

{B0697595.3}                                    3

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
Telephone:  (205) 252-1550
Facsimile:  (205) 252-1556
E-mail:     dra@arendalllaw.com

(electronically signed and filed on behalf of
the attorney for Plaintiff by permission)

/s/ Sydney F. Frazier, Jr.
**Sydney F. Frazier, Jr.**
Attorneys for Defendant
Jasper Lumber Company, Inc.


OF COUNSEL:
CABANISS, JOHNSTON, GARDNER,
   DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, AL 35203-4804
Telephone:  (205) 716-5291
Facsimile:  (205) 716-5389
Email:  sff@cabaniss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and accurate copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** to be electronically filed with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record, including the plaintiff's counsel as follows:

> David R. Arendall, Esq.
> (dra@arendallaw.com)
>
> Allen D. Arnold, Esq.
> (ada@arendallaw.com)

This the 30th day of **October**, **2014**.

/s/ Sydney F. Frazier, Jr.
Sydney F. Frazier, Jr.
**OF COUNSEL**

STATE OF ALABAMA     )
                           )
JEFFERSON COUNTY   )

## SETTLEMENT AGREEMENT
## AND RELEASE AS TO LAWSUIT

For and in consideration of the payment of (a) Twelve Thousand Six Hundred Thirty Four and 66/100 Dollars ($12,634.66) to me and (b) Six Thousand Three Hundred Sixty Five and 24/100 Dollars ($6,365.34) to my attorneys (as set forth below in Paragraph 4), by or on behalf of Jasper Lumber Company, Inc. ("JLC") (the foregoing payments referred to collectively hereinafter as the "settlement amount"), I,[1] Robert Kaufman ("Kaufman"),[2] individually and on behalf of each and all of my spouse, heirs, legatees, estate, family, executors, administrators, successors, assigns, attorneys, agents, and representatives, do hereby agree and covenant to each and all of the following terms and conditions of this Settlement Agreement and Release as to the civil action described in paragraph 2 hereof (referred to hereinafter as the "Agreement"):

1.     I understand and agree that this Agreement constitutes a complete settlement and release with respect to each and all of the following:

(a)     Jasper Lumber Company, Inc.;

---

[1]     As used herein, "I" shall refer to Robert Kaufman and to each and all of his spouse, if any, heirs, legatees, estate, family, executors, administrators, successors, assigns, attorneys, and agents, collectively and separately and severally.

[2]     JLC and Kaufman are collectively referred to herein as the "Parties."

{B0697589.2}

(b)     Any and all predecessor, successor, parent, subsidiary, and affiliated entities, divisions, departments, and facilities of JLC;

(c)     Each and all of the past and present directors, officers, managers, supervisors, agents, attorneys, employees, shareholders, and owners of each of the persons, entities, divisions, and facilities named in sub-paragraphs (a) through (b) above of this Paragraph 1, collectively, separately, and severally, in their official or representative capacities and in their personal or individual capacities.[3]

2.     In exchange for the settlement amount, I hereby release, forever discharge, and covenant not to sue each and all of the Releasees, collectively, separately, and severally, from any and all liability, claims, and causes of action for any and all legal and equitable remedies, relief, and results, including, but not limited to, back pay, overtime pay, wages, liquidated damages, compensatory damages, attorneys' fees and expenses, costs, nominal damages, interest, and declaratory and injunctive relief, which were asserted in the Complaint in that lawsuit pending in the United States District Court for the Northern District of Alabama, Jasper Division, styled *Robert Kaufman v. Jasper Lumber Company, Inc.*, Civil Action No. 6:14-cv-01677-JHE (hereinafter, the "Lawsuit"), including,

---

[3]     As used herein, the phrase the "Releasees" shall have reference collectively and separately and severally to each and all of the entities and person referred to in Paragraph 1, above (including all sub-paragraphs).

but not limited to, claims made pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, *et seq.*

3.    The Parties acknowledge and agree that this Agreement, including payment of the settlement payment to me, is expressly conditioned on the Court's approval of this Agreement and entry of a Judgment dismissing the Lawsuit, and all claims asserted therein, with prejudice.  The Parties further acknowledge and agree that following execution of this Agreement by both Parties, an attorney for Kaufman and an attorney for JLC shall jointly seek Court approval of this Agreement and the entry of a Judgment dismissing the Lawsuit with prejudice, each party to bear that party's own costs and attorney's fees.

4.    The Parties acknowledge and agree that the settlement amount is and shall be divided as follows:  (a) Twelve Thousand Six Hundred Thirty Four and 66/100 Dollars ($12,634.66) to Kaufman, of which one-half represents all unpaid overtime wages that Kaufman has claimed from JLC in an agreed-upon approximation based on the time recorded by Kaufman with the other half representing statutory liquidated damages claimed by Kaufman; and (b) Six Thousand Three Hundred Sixty Five and 24/100 Dollars ($6,365.34) to Kaufman's lawyers, Arendall Law Firm, Inc., such amount representing the attorneys' fees and costs claimed by the Arendall firm for their representation of Kaufman in the Lawsuit.  The parties further acknowledge and agree that, within ten (10) days of

the Court's entry in the Lawsuit of a Stipulated Judgment dismissing the same, JLC shall satisfy the settlement amount by delivering to counsel for Kaufman two checks, one check made payable to Kaufman in the amount of $12,634.66 and the second check made payable to both Kaufman and the Arendall Law Firm, Inc. in the amount of $6,365.34.  It is acknowledged and agreed that Arendall Law Firm, Inc. shall deliver an executed W-9 form to counsel for JLC before the firm check may be requested and cut.  It is acknowledged and agreed that JLC will deliver with the checks an executed W-2 in the amount of $6,317.33, and an executed 1099 in the amount of $6,317.33.

5.     I understand, acknowledge, and agree that the settlement payment includes and encompasses therein any and all claims with respect to all attorneys' fees and costs and expenses for or by any and all attorneys and law firm personnel who have represented me or with whom I have consulted or who have done anything in connection with any and all legal services, advice, or consultation with respect to any and all claims and causes of action which were or could have been asserted in the Lawsuit, such attorneys including, but not limited to, the following: Arendall Law Firm, Inc.  I further acknowledge and agree that the division and allocation of the settlement payment, and any and all aspects of such division and allocation, has been handled and determined solely by and between my attorney(s)

and myself and will forever remain solely and entirely the responsibility of my attorney(s) and myself.

6.    I understand, acknowledge, and agree that my portion of the settlement amount ($12,634.66) will be paid to me on a W-2 and a 1099 as described above. I understand that in the event of any additional taxes or withholdings or penalties or interest are claimed or assessed on or because of the settlement payment or any part thereof, I will assume all responsibility and liability therefor and will protect, indemnify, and hold harmless each and all of the Releasees against and from any and all claims, losses, damages, liabilities, costs, penalties, interest, and/or expenses resulting from any liability or claim of liability for the payment or withholding of any amount assessed or due to or claimed by any Federal, State, or local government agency. I understand and acknowledge that if required by law the payor of the settlement amount will have to report such payment to the appropriate tax authorities and I hereby authorize that to be done. I further acknowledge that neither JLC nor its attorneys have given me any tax advice, nor have I relied on any such advice in deciding to enter into this Agreement.

7.    I acknowledge and agree that the settlement agreement embodied in this Agreement reflects and carries out the mutual desire of the parties to resolve and conclude all disputes and contentions between us without any further contested

{B0697589.2}

legal proceedings. I acknowledge and agree that the settlement constitutes an arms-length and good faith resolution of any and all differences and disputes and claims and defenses between any and all of the Releasees and myself. I further understand that the Releasees have agreed to the settlement in order to avoid the continued expense of contested legal proceedings and that the settlement is in no way 'any admission of any wrongdoing by the Releasees, nor should such an admission be inferred by the settlement.

8.    This Agreement, and a separate Confidential Settlement Agreement and General Release as to my EEOC Charge, encompass the entire agreement and understanding between the Parties and supersedes all previous agreements, if any, between the Parties, oral or otherwise.

9.    This Agreement may be executed by the Parties in counter-parts, each of which when executed and delivered shall constitute an original of this Agreement, but all the counterparts shall together constitute the same Agreement.

10.    In the event any term or provision of this Agreement is determined to be invalid, void, or unenforceable, each and all of the remaining terms and provisions of this Agreement shall remain in full force and effect.

11.    I have read and fully understand the terms, conditions, provisions, content, and the effect of this Agreement. I have had the benefit of the advice of my attorney(s) as to such terms, conditions, provisions, content, and effect, and the

{B0697589 2}

-6-

same has been explained to me by my attorney(s).  I accept each and all of the terms, conditions, and provisions of this Agreement, and I do so voluntarily and with full knowledge and understanding of the contents, nature, and effect of each and all of the terms, conditions, and provisions of this Agreement.

AGREED to and EXECUTED on this the 28 day of October, 2014.

Robert Kaufman

Signature: *Robert Kaufman*

Date: 10/28/14

Jasper Lumber Company, Inc.

By: _____

Date: _____

same has been explained to me by my attorney(s). I accept each and all of the terms, conditions, and provisions of this Agreement, and I do so voluntarily and with full knowledge and understanding of the contents, nature, and effect of each and all of the terms, conditions, and provisions of this Agreement.

AGREED to and EXECUTED on this the __24th__ day of October, 2014.

Robert Kaufman                        Jasper Lumber Company, Inc.

Signature: _____          By: _Roy Beall_____

Date: _____               Date: _10/24/14_____

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

**ROBERT KAUFMAN,**

      **Plaintiff,**

**vs.**                                      **Civil Action No. 6:14-cv-01677-JHE**

**JASPER LUMBER**
**COMPANY, INC.,**

      **Defendant.**

## ORDER

The Court has before it the Joint Motion to Approve Settlement Agreement (Doc. ___).  Upon consideration of the same and by agreement of the parties, the foregoing Motion is hereby GRANTED. The parties' Settlement Agreement and Release is hereby APPROVED, and the parties are ORDERED to abide by and fulfill the terms and conditions of the Agreement.  Pursuant to FED. R. CIV. P. 41, this action is DISMISSED with prejudice, each party to bear its own costs.

DONE and ENTERED, this the _____ day of October, 2014.

_____
John H. England, III
UNITED STATES MAGISTRATE JUDGE

{B0697601.1}