# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| ROBERT KAUFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 6:14-cv-01677-JHE |
| ) | |
| JASPER LUMBER COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION[1]

Plaintiff Robert Kaufman and Defendant Jasper Lumber Company, Inc. ("JLC") jointly move for approval of their settlement agreement. (Doc. 11). The parties seek approval of the terms of their settlement agreement on Kaufman's claim for overtime pay and attorneys' fees and costs to be paid to his counsel. (*Id.*). For the reasons set forth below, the Court approves the parties' settlement and will dismiss Plaintiff's claim with prejudice.

### I. Background Facts

Kaufman filed this action on August 29, 2014, alleging a claim for overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* (Doc. 1). On September 29, 2014, JLC answered the complaint, denying Kaufman was entitled to any overtime compensation under the FLSA and asserting various affirmative defenses. (Doc. 8). After exchange of discovery and negotiations, the parties reached a settlement, the terms of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

which are contained in the "Settlement Agreement and Release as to Lawsuit" (the "Agreement"), (doc. 11 at 6-13).  The undersigned has reviewed the Agreement.

Under the Agreement, JLC has agreed to pay Kaufman $12,634.66, half of which represents all unpaid overtime wages Kaufman has claimed from JLC "in an agreed-upon approximation based on the time recorded by Kaufman" and half of which represents the statutory liquidated damages Kaufman claims.  (*Id.* at 8).  JLC has also agreed to pay $6,365.34 as attorneys' fees and costs to Kaufman's counsel.  (*Id.*)  The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Plaintiff is entitled to any further overtime compensation.  (*Id.* at 10-11).

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week.  *See* 29 U.S.C. § 207(a)(1).  An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.  29 U.S.C. § 216(b).  In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff reasonable attorneys' fee and costs.  *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect.  *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).  Before approving a FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the

settlement "to promote the policy of encouraging settlement of litigation." *Id.*at 1354. In determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Here, there is no indication of fraud or collusion. All parties were represented by counsel and the amount to be paid under the settlement is fair. The payments to Kaufman to settle his claims for unpaid overtime compensation and liquidated damages are fair, reasonable, and adequate. Kaufman is being paid the full amount of his claim for allegedly unpaid wages and overtime (based on a mutually agreed-upon estimate founded on Kaufman's recorded time) and liquidated damages. (Doc. 11 at 2, 8).

The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement. Even in settlement, JLC does not admit its liability on Kaufman's claim, and both parties acknowledge the settlement is to avoid the expense of contested legal proceedings. Although the settlement states it pays the full amount of Kaufman's claim, the fact it pays an agreed-upon amount based on the evidence indicates the parties continue to

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

disagree over the merits of Kaufman's claim and the amount of overtime compensation owed him. The parties agree the outcome is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation. Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

Based on counsel's representations, there has been sufficient investigation and exchange of information and documents to enable counsel to reasonably and adequately assess the claims and defenses at issue. Specifically, initial disclosures included JLC's production of Kaufman's daily time and scale house records during the applicable period. Before agreeing to the proposed settlement, the parties had sufficient information to enable them to make an informed analysis and assessment of the case.

The range of possible recovery also shows settlement is reasonable and adequate. In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed, separately negotiated payment of attorneys' fees and costs and agrees it should be approved because it is reasonable. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). The agreement regarding payment of Kaufman's counsel's fees and costs was reached separately from the agreed-upon amount owed Kaufman under the FLSA's provisions for unpaid wages and liquidated damages. Kaufman's attorneys are compensated adequately for the time and expense of drafting and filing pleadings, reviewing discovery, and conducting settlement negotiations,

and Kaufman's claim was not compromised by any deduction of attorneys' fees, costs, or expenses.

### III. Conclusion

The "Settlement Agreement and Release as to Lawsuit" is fair and reasonable under the circumstances. Accordingly, the settlement is due to be **APPROVED,** and Kaufman's claim will be **DISMISSED WITH PREJUDICE**. A separate order will be entered.

DONE this 10th day of November 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE